UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DAVIS,

      Plaintiff,

v.                                      Case No. 8:26-cv-318-VMC-TGW

JOSE DIAZ, KAREN DIAZ, and
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Defendant Allstate Fire and Casualty Insurance Company's notice of removal (Doc # 1), and Motion for Leave to Serve Request for Admissions. (Doc. # 9). For the reasons that follow, the Motion is denied and this case is remanded to state court for lack of subject matter jurisdiction.

**<u>Discussion</u>**

"Federal courts have limited subject matter jurisdiction." <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that

1

jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

On June 2, 2025, Plaintiff David Davis initiated this case in state court, asserting negligence claims against Defendants Jose and Karen Diaz and an uninsured motorist claim against Allstate. (Doc. # 1-1). On January 6, 2026, Mr. Davis voluntarily dismissed Defendants Jose and Karen Diaz. (Doc. # 1-5 at 9). On February 3, 2026, Allstate removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

2

Here, Mr. Davis's complaint merely states that the action "exceeds Fifty Thousand Dollars" and does not specify the amount of damages sought. (Doc. # 1-1). Instead, in its notice of removal, Allstate argued that the amount in controversy was established by information in certain medical records. (Doc. # 1 at 12-13). First, Allstate relied on a 2022 medical record that indicates that a doctor advised Mr. Davis "that there is at least a 3 [percent] cumulative chance per year over his lifetime on a yearly basis that he will require surgery." (Id. at 12). Second, Allstate relied on a 2025 medical record that indicates that a different doctor recommended various potential medical treatments for Mr. Davis. (Id. at 13).

Upon review of the notice of removal, this Court questioned whether the amount in controversy requirement has been satisfied. (Doc. # 7). Specifically, the Court noted that "Allstate has not produced evidence that Plaintiff has actually incurred any treatment or medical expenses, and Allstate does not provide estimates for the costs of the potential recommended medical procedures." (Id.). The Court further noted that damages based on future medical expenses are too speculative to include in the amount in controversy calculation. (Id.) (citations omitted). Accordingly, the

3

Court directed Allstate to provide additional information establishing that the amount in controversy requirement has been met. (Id.).

Allstate has now responded to the Court's order. (Doc. # 9). However, Allstate has not submitted any additional information establishing that the amount in controversy exceeds $75,000. See generally (Id.). Instead, Allstate moves for leave to serve a "request for admissions" on Mr. Davis "to provide further evidence that the amount in controvers[y] exceeds the sum or value of $75,000 during the time period of when removal was sought" and further requests 45 additional days to file an amended notice of removal. (Id. at 2). Allstate has filed its proposed "request for admissions." (Doc. # 10). In relevant part, Allstate proposes to request that Mr. Davis admit or deny the following:

> 4. The amount in controversy in this case is Seventy-Five Thousand Dollars ($75,000.00) or less, exclusive of interest and costs.
> 5. The amount in controversy in this case is Seventy-Five Thousand Dollars ($75,000.00) or more, exclusive of interest and costs.
> 6. Plaintiff seeks less than Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this matter.
> 7. Plaintiff seeks more than Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this matter.

4

8. Plaintiff's claims or causes of action in the subject matter are in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

(Id. at 2). According to Allstate, "should Plaintiff's responses to Defendant's proposed Request for Admission demonstrate that Plaintiff admits the amount in controversary exceeds $75,000, then that is evidence this Court may consider." (Doc. # 9 at 3) (citation omitted).

The Court disagrees with Allstate's argument. The Eleventh Circuit has stated that "[t]hough the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." Lowery, 483 F.3d at 1217; see also Id. at 1217-18 ("Here, Alabama Power is a removing defendant that has asserted no factual basis to support federal jurisdiction and now faces a motion to remand. . . . [T]he defendants here asked that the district court reserve ruling on the motion to remand so that they could conduct discovery to obtain information from the plaintiffs that would establish that the court has jurisdiction. The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for

5

believing that jurisdiction exists. The natural consequence of such an admission is remand to state court.").

Moreover, courts routinely find that conclusory responses to requests for admission by themselves "cannot constitute the basis for removal on diversity jurisdiction, as [such admissions] lack[] factual support for the contention." Pugliese v. Texas Roadhouse, Inc., No. 5:17-cv-392-MMH-PRL, 2017 WL 6276587, at *2 (M.D. Fla. Dec. 11, 2017) (citations omitted); see also Ernst v. Coca-Cola Refreshments USA, Inc., No. 8:18-cv-2482-VMC-JSS, 2018 WL 7352152, at *1 (M.D. Fla. Oct. 10, 2018) (holding that the defendant, relying solely on the plaintiff's admission, did not prove that the amount in controversy had been met); Bienvenue v. Wal-Mart Stores, East, LP, No. 8:13-cv-1331-VMC-TGW, 2013 WL 5912096, at *2 (M.D. Fla. June 19, 2013)(holding that the plaintiff's generic admission to seeking an excess of $75,000 in damages did not satisfy the defendant's burden of proof); Parrish v. Sears, Roebuck and Co., No. 8:10-cv-1684-SDM-MAP, 2010 WL 3042230, at *1 (M.D. Fla. July 30, 2010)(holding that an unsupported and speculative response to a request for admission did not establish the jurisdictional amount in controversy).

Here, a merely conclusory admission by Mr. Davis, that he seeks more than $75,000 in damages, would not by itself satisfy Allstate's duty of establishing federal jurisdiction. Moreover, Allstate's Motion is tantamount to an admission that Allstate does not have a factual basis for believing that jurisdiction exists. See Lowery, 483 F.3d at 1217-18. "The natural consequence of such an admission is remand to state court." Id.

Accordingly, Allstate's Motion for Leave to Serve Request for Admissions is denied. Furthermore, Allstate has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant Allstate Fire and Casualty Insurance Company's Motion for Leave to Serve Request for Admissions (Doc. # 9) is **DENIED.**

(2)  The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

7

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

11th day of February, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8